IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH PAUL HOWARD, III, )
)
        Plaintiff, )
)
v. )    1:20CV1024
)
SGT. MCDOUGLE, et al.., )
)
        Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This is action is based on a *pro se* civil rights Complaint [Doc. #2] filed under 42 U.S.C. § 1983 by Plaintiff Joseph Paul Howard, III, a prisoner of the State of North Carolina. Plaintiff raises claims against a number of Defendants stemming from an alleged assault on his person occurring on July 28, 2020. Defendants have filed a Motion for Summary Judgment [Doc. #31] which is before the Court together with a Motion [Doc. #35] filed by Plaintiff seeking an appointment of counsel in the case.

I. Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists. A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in the light most favorable to the non-moving party. Id. The proponent of summary judgment "bears the initial burden of

pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48). A mere scintilla of evidence supporting the non-moving party's case is insufficient to defeat a motion for summary judgment. See, e.g., Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994); see also Anderson, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials).

## II. Parties' Allegations and Facts

Plaintiff's unsworn Complaint alleges that on July 28, 2020, Defendant Edwards told him he was coming for him. (Complaint, § VI(C).) Plaintiff claims that he then went and hid, but that some of the defendants found him, beat him, and raped him while he was handcuffed. (Id.) He seeks to have Defendants punished, to receive $25,000,000 in damages, and for the Court to order guards to wear body cameras. In Plaintiff's Response [Doc. #36], which is also unsworn, he essentially reiterates these allegations and raises further allegations related to prior and subsequent incidents not listed in the Complaint.

As for Defendants, they set out a very different set of facts, stating that Plaintiff was in another inmate's cell at the time he "hid" and that Defendant Edwards suspected they had been smoking something. The cell and its occupant were searched. Plaintiff was then taken to his cell and strip searched without incident. However, the next day, Plaintiff made allegations that Defendants Edwards and Bridges beat him and penetrated him with an object. This prompted an investigation and medical evaluation. During that investigation, Plaintiff

2

asked another inmate, Kenneth Davis, to write a false statement for him, which he did. However, in the present case, Davis supplied a sworn declaration admitting to writing the false statement and further stating that officers came to Plaintiff's cell and searched Plaintiff, but that there was "no fighting, arguing, or trash talking" and that Plaintiff later faked a fall and faked injury by using a comb to injure his rectum and soap to beat the backs of his own legs. As a result of the investigation, Plaintiff was charged with making a false statement against staff. This later charge resulted in a disciplinary conviction which included the loss of 30 days of good time credits by Plaintiff and which remains in place at the present time.

III. Discussion

As an initial matter, the Court notes that Plaintiff has not submitted any actual evidence, as opposed to mere allegations. He has submitted no affidavits or sworn statements, nor any other evidence on which he relies. The Court also notes that Plaintiff has included new allegations in his Response Brief, but Plaintiff has not moved to amend his Complaint and may not raise new claims in a response brief. Therefore, the Court will not consider those new allegations other than to the extent they provide context for the allegations in the Complaint.

Turning now to Defendants' Motion for Summary Judgment, Defendants note first that Plaintiff has sued them in both their official and individual capacities. Defendants correctly point out that official capacity claims raised under § 1983 against state officials are generally claims against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). The Supreme Court has held that "state officials, sued for monetary relief in their official capacities" are not "persons" subject to suit under § 1983. Id. (citing Will v. Michigan Dept. of State Police, 491

3

U.S. 58 (1989)); see also Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 329 (4th Cir. 2001) (citing Alden v. Maine, 527 U.S. 706, 727-28 (1999)) ("The Supreme Court has recognized that the doctrine of sovereign immunity under the Eleventh Amendment extends beyond the literal text of the Eleventh Amendment to prevent a state from being sued by one of its own citizens without its consent."). Thus, Plaintiff's official capacity claims seeking damages should be dismissed.

Regarding Plaintiff's individual capacity claims, Defendants argue based on their own sworn declarations that they did not use any excessive force or harass or assault Plaintiff in any way. As just noted, Plaintiff has produced no actual evidence to oppose these declarations and Defendants would prevail on this basis. Moreover, Defendants also prevail for a more basic reason. As just noted, Plaintiff received a prison disciplinary conviction for making false claims against staff that included essentially the same allegations as he now raises in his Complaint. His Complaint thus necessarily calls his disciplinary conviction into question. However, Plaintiff may not pursue claims challenging his conviction without first showing that such conviction was reversed or overturned, which it has not been. Heck v. Humphrey, 512 U.S. 477 (1994) (establishing this rule for criminal convictions). Moskos v. Hardee, 24 F. 4th 289, 295-96 (4th Cir. 2022) (extending the rule in Heck to prison disciplinary convictions at least where the loss of good time is involved). Therefore, Petitioner's claims are barred under Heck and Defendants' Motion for Summary Judgment should be granted. Plaintiff's Motion seeking an appointment of counsel will be denied in light of this recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Motion [Doc. #35] seeking an appointment of counsel is denied.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment [Doc. #31] be granted and that this action be dismissed.

This, the 24th day of February, 2023.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge