IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JOSEPH PAUL HOWARD, III, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV1024 |
| | ) | |
| SGT. MCDOUGLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

On February 24, 2023, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Plaintiff filed objections, (ECF No. 41). The Court has reviewed Plaintiff's objections *de novo* and finds that they do not change the substance of the United States Magistrate Judge's Recommendation, (ECF No. 39), which is affirmed and adopted.

The Court notes that in the Complaint, Plaintiff alleges that he was assaulted by officers at Scotland Correctional Institution on July 28, 2020. However, that alleged incident resulted in a disciplinary proceeding against Plaintiff and an ultimate conviction for Submitting False Statements Against Staff. The record from the disciplinary proceeding, (ECF No. 32-1 at 16-50), includes a statement from another inmate, Kenneth Davis, stating that he was in the cell next to Plaintiff, that there was no fight or argument, that Plaintiff fabricated his injuries, and that Plaintiff asked Mr. Davis to write a false statement, (ECF No. 32-1 at 47). Mr. Davis provided officials with the statement that he says Plaintiff wanted him to submit, (ECF No.

32-1 at 26). Officials conducted further investigations involving review of video evidence and interviews with other witnesses, and ultimately concluded that Plaintiff's allegations were unfounded, and that Plaintiff was guilty of making false allegations against staff. That disciplinary conviction resulted in the loss of good-time credits, thus impacting the length of Plaintiff's sentence, and that disciplinary conviction has not been overturned.

As noted in the Recommendation, Plaintiff's current claims raise the same allegations, and the claims necessarily call his disciplinary conviction into question. Plaintiff may not pursue claims challenging that disciplinary conviction or calling that conviction into question without first showing that the conviction has been reversed or overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Moskos v. Hardee*, 24 F.4d 289, 295-96 (4th Cir. 2022). In his Objections to the Recommendation, Plaintiff primarily challenges the information from Mr. Davis, and contends that Mr. Davis was not housed with him and is lying. Plaintiff also challenges the extent of the investigation and the basis for the disciplinary charge against him. However, Plaintiff cannot use a § 1983 suit to try to challenge that disciplinary conviction since it affected his good-time credits and duration of custody, and he would instead need to bring any such challenge as a petition for writ of habeas corpus. *See Royster v. Polk*, 299 F. App'x 250 (4th Cir. 2008). To the extent that Plaintiff may be seeking to challenge that disciplinary conviction, including the evidence from Mr. Davis, the Court will direct the Clerk to send Plaintiff forms and instructions for filing a Petition under 28 U.S.C. § 2254.[1]

---

[1] Plaintiff also contends that he has witness statements in support of his claims. However, Plaintiff did not submit those statements, or a sworn statement of his own, even after being advised of the need to do so to respond to the Motion for Summary Judgment. If Plaintiff pursues a challenge to the disciplinary conviction, Plaintiff is cautioned that in response to a motion for summary judgment he needs to submit his evidence, including any statements and his own statements made under oath.

Finally, to the extent Plaintiff raises new contentions in his briefing regarding other alleged incidents, including alleged lack of medical care, those are separate claims not set out in the Complaint, and if Plaintiff seeks to bring those claims he would need to do so on a separate Complaint.

**IT IS THEREFORE ORDERED** that the Clerk is directed to send Plaintiff forms and instructions for filing a Petition under 28 U.S.C. § 2254 to the extent that Plaintiff may be seeking to challenge the disciplinary conviction.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 31), is **GRANTED**, and that this action is **DISMISSED**.

A Judgement will be filed contemporaneously with this Order.

This, the 23rd day of March 2023.

/s/ Loretta C. Biggs
United States District Judge